IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

CARL IVAN DOUBLE,          )
                                    )
        Petitioner,         )
                                    )
    v.                      )          CV 122-002
                                    )
AARON PINERIO, Warden,    )
                                    )
        Respondent.      )

---

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

---

Petitioner, an inmate at Coastal State Prison in Garden City, Georgia, brings the above-captioned petition pursuant to 28 U.S.C. § 2254.  Having considered all the relevant pleadings, for the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** Petitioner's § 2254 petition be **DENIED**, this civil action be **CLOSED**, and a final judgment be **ENTERED** in favor of Respondent.

## I.     BACKGROUND

On January 12, 2016, the Richmond County grand jury indicted Petitioner on one count of aggravated child molestation and two counts of child molestation.  (Doc. no. 15-6, pp. 52-54.)  Without a plea agreement, Petitioner pleaded guilty to all three charges on October 14, 2016.  (Id. at 60-61, 82, 109.)  At the time of the offense conduct, Petitioner was twenty-five years old, and the victim was ten years old.  (Id. at 92.)  Petitioner explained to the deputy who responded to the scene he was infatuated with children, had been in trouble for this issue previously, and had kissed and fondled the victim under her clothes.  (Id. at 91.)  The victim

also reported Petitioner had pulled down her pants, made contact with her private parts, and showed his penis. (Id. at 92.)

Although there was no plea agreement, Petitioner chose to plead guilty to avoid the possibility of a sentence of life in prison without the possibility of parole if he were convicted at trial. (Id. at 95.) In mitigation, defense counsel pointed out Petitioner had no prior criminal history, (id. at 92), and told the trial judge Petitioner had been abused by his father as a young boy, had an eleventh-grade education and a learning disability, and was truly sorry for the acts he admitted having done to the victim, (id. at 94-95). Counsel also asked for a sentence at the low end of the possible spectrum. (Id. at 90.) The trial court sentenced Petitioner to thirty-five years in prison followed by life on probation for aggravated child molestation, and twenty years, serve nineteen in prison, for each count of child molestation, with all sentences running concurrently. (Id. at 38.) Attorney James C. Walker, Office of the Public Defender, represented Petitioner through entry of his guilty plea and the filing of a Motion to Withdraw Plea of Guilty, in which Petitioner claimed his plea was not entered knowing and voluntary. (Id. at 26, 60, 64-65.)

Attorney Jason R. Hasty was appointed as conflict counsel by the Georgia Public Defender Standards Council to represent Petitioner after entry of the motion to withdraw the guilty plea, and the trial court held a hearing on the motion on September 21, 2017. (Id. at 69, 102.) The trial court denied the motion to withdraw, (id. at 21-22), and Mr. Hasty continued to represent Petitioner on direct appeal. (Id. at 117.) On appeal, Petitioner argued his guilty plea was not knowing and voluntary because counsel rendered ineffective assistance by failing to advise Petitioner pleading guilty would result in a sentence without the possibility of parole.

2

(Id. at 117-23.)  The Court of Appeals affirmed the denial of the motion to withdraw the guilty plea.  (Id. at 130-33, Double v. State, No. A18A1265 (Ga. Ct. App. July 27, 2018).)

The appellate court first established (1) the trial court affirmatively determined Petitioner knew and understood the nature of the plea and attendant consequences; and (2) Petitioner had marked, signed, and initialed a waiver-of-rights sheet confirming he understood the maximum possible sentences.  Next, the appellate court explained Petitioner, "[f]or the most part," contended Mr. Walker had been looking out for the victim's best interest rather than his welfare because of a conflict of interest.  (Id. at 131.)  However, Mr. Hasty's position on the record was not that Mr. Walker labored under a conflict, but instead that the guilty plea was not knowing and voluntary.  (Id. at 131-32.)  As the ineffective assistance claim had been raised for the first time on direct appeal rather than at the earliest practicable moment, which would have been in the motion to withdraw the guilty plea, the claim had been waived.  (Id. at 132.)  Thus, the ineffective assistance claim raised for the first time on direct appeal had been waived.  (Id.)

Petitioner filed a state habeas corpus petition *pro se* on December 31, 2018, in the Superior Court of Baldwin County, raising three claims:

(1) Trial counsel provided ineffective assistance by failing to alert the trial court Petitioner was on medication at the time of the guilty plea.

(2) Petitioner was under the influence of 2 milligrams of Haloperidol at the time he pleaded guilty.

(3) Mr. Walker labored under a conflict of interest because he knew the victim's mother.

3

(Doc. no. 15-1; doc. no. 15-6, pp. 5-6.)   Petitioner orally raised the following additional grounds at his state habeas evidentiary hearing:

(4)   Trial counsel provided ineffective assistance in the following ways:

 (a)   allowed the judge to seal Petitioner's mental health evaluation before he could review it;

 (b)   did not negotiate a plea agreement because he knew the victim; and

 (c)   did not inform the judge about mitigating circumstances prior to sentencing.

(5)   The trial judge did not inform Petitioner he was presumed innocent prior to entry of the guilty plea.

(6)   Mr. Hasty would not raise an ineffective assistance of counsel claim against Mr. Walker based on an alleged conflict of interest.

(Doc. no. 15-6, pp. 7-10.)

The state habeas court denied relief in a written order entered May 26, 2020, finding the three grounds in the written petition were procedurally defaulted, and Petitioner had not satisfied the cause and prejudice standard necessary to overcome default.  (Doc. no. 15-2 at 4-5.)  The state habeas court did not specifically address the claims raised orally by Petitioner at the evidentiary hearing.  (See id. at 3-6.)  Petitioner raised the substance of both the written and oral issues in his request for a certificate of probable cause to appeal ("CPC").  (See doc. no. 15-3.)  The Georgia Supreme Court denied a CPC without comment and issued its remittitur on September 2, 2021.  (Doc. nos. 15-4, 15-5, Double v. Bobbitt, No. S20H1313 (Ga. Aug. 10 & Sept. 2, 2021).)

Petitioner then timely filed the above-captioned § 2254 petition *pro se*, raising the following claims:

4

(1)  Trial counsel, Mr. Walker, provided ineffective assistance by:

    (a) failing to alert the trial judge Petitioner was under the influence of haloperidol when he entered his guilty plea;

    (b) operating under a conflict of interest based on his prior representation of the victim's family;

    (c) failing to address Petitioner's mental health evaluation with the trial judge;

    (d) failing to negotiate a plea deal for Petitioner because of his preference for the victim; and

    (e) failing to emphasize mitigating circumstances during sentencing because of his preference for the victim.

(2)  Appellate counsel, Mr. Hasty, provided ineffective assistance by failing to allege ineffective assistance by Mr. Walker based on an alleged conflict of interest.

(3)  The trial judge erred by not informing Petitioner prior to entry of the guilty plea that he was presumed innocent but would lose that presumption by pleading guilty.

(4)  The trial judge abused his discretion by sealing Petitioner's mental health records without allowing him to review them for mitigating circumstances.

(See doc. no. 1.)  Respondent argues federal relief should be denied on all claims because the state court decision deserves deference, the claims are procedurally defaulted, or the claims fail to present a federal question.  (See doc. nos. 10, 10-1.)

## II.   STANDARD OF REVIEW

Under § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"):

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with

respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim

> (1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The United States Supreme Court has characterized § 2254(d) as "part of the basic structure of federal habeas jurisdiction, designed to confirm that state courts are the principal forum for asserting constitutional challenges to state convictions." Harrington v. Richter, 562 U.S. 86, 103 (2011). Accordingly, § 2254(d) creates a "difficult to meet and highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt." Cullen v. Pinholster, 563 U.S. 170, 181 (2011) (citations omitted).

In Brown v. Payton, 544 U.S. 133, 141 (2005), the Supreme Court explained the difference between the "contrary to" and "unreasonable application" clauses in § 2254(d)(1) as follows:

> A state-court decision is contrary to this Court's clearly established precedents if it applies a rule that contradicts the governing law set forth in our cases, or if it confronts a set of facts that is materially indistinguishable from a decision of this Court but reaches a different result. A state-court decision involves an unreasonable application of this Court's clearly established precedents if the state court applies this Court's precedents to the facts in an objectively unreasonable manner.

Id. (internal citations omitted). Thus, under § 2254(d)(1), it is not enough to demonstrate that a state court's decision is wrong; "even clear error will not suffice." White v. Woodall, 572 U.S. 415, 419 (2014). Rather, the habeas petition must show the state court decision was

"objectively unreasonable." Wiggins v. Smith, 539 U.S. 510, 520-21 (2003); see also Woods v. Donald, 575 U.S. 312, 316 (2015) (a petitioner must show the state court's ruling "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement."). A showing that the state court's determination was unreasonable is a substantially higher threshold than whether it was correct. Reed v. Sec'y, Fla. Dep't of Corr., 767 F.3d 1252, 1260-61 (11th Cir. 2014); Evans v. Sec'y, Dep't of Corr., 703 F.3d 1316, 1325 (11th Cir. 2013). In addition, "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." Cullen, 563 U.S. at 181.

Moreover, under AEDPA's highly deferential standard of review for state court factual determinations, a federal habeas court may only grant relief if a state court's adjudication of a claim "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). Additionally, § 2254(e)(1) requires the Court "to presume the correctness of state courts' factual findings" unless the habeas petitioner rebuts that presumption "with clear and convincing evidence." Nejad v. Att'y Gen., State of Ga., 830 F.3d 1280, 1289 (11th Cir. 2016) (citing Schriro v. Landrigan, 550 U.S. 465, 473-74 (2007)); see also Reese v. Sec'y, Fla. Dep't of Corr., 675 F.3d 1277, 1287 (11th Cir. 2012) ("In a habeas proceeding, our review of findings of fact by the state court is even more deferential than under a clearly erroneous standard of review."). "The Supreme Court has not yet defined § 2254(d)(2)'s precise relationship to § 2254(e)(1). . . . Whatever that precise relationship may be, a state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different

conclusion in the first instance." Tharpe v. Warden, 834 F.3d 1323, 1336 (11th Cir. 2016)

(citing Wood v. Allen, 558 U.S. 290, 301 (2010)).

## III.   DISCUSSION

### A.   Grounds Three and Four Do Not Allege a Violation of Federal Law and Therefore Do Not Support a Claim for Federal Habeas Corpus Relief

In Ground Three, Petitioner argues the trial court erred in failing to inform him prior to

the entry of his guilty plea that he was presumed innocent but would lose that presumption by

pleading guilty, in accordance with Uniform Superior Court Rule 33.8(B)(2).   This Rule

provides a judge should not accept a guilty plea without informing a defendant of several

rights, one of which includes the presumption of innocence.[1]   In Ground Four, Petitioner

alleges the trial judge abused his discretion by sealing the results of a mental evaluation ordered

by the court without first allowing Petitioner to review the records for mitigating

circumstances.   O.C.G.A. § 17-7-130(b)(1) provides the results of the court-ordered evaluation

"shall be submitted to the court, and the court shall submit such evaluation to the attorney for

the accused or if pro se, to the accused, but otherwise," the results shall remain under seal.[2]

---

[1]Notably, however, a state court is not required to specifically address each issue listed. McClendon v. State, 350 S.E.2d 235, 236 (Ga. 1986).   Moreover, the record contains Petitioner's signed Acknowledgment and Waiver of Rights, in which Petitioner specifically acknowledges he will give up the presumption of innocence by pleading guilty.  (Doc. no. 15-6, pp. 56-60 and ¶¶ 22-23.)

[2]Petitioner's claim on this point is unclear because Petitioner acknowledged that his attorney was provided the results of the examination, (doc. no. 15-6, pp. 7-8, 111), and at the motion to withdraw the guilty plea, the judge confirmed the guilty plea proceedings would not have gone forward if the mental evaluation had not made a two-fold finding of competency and awareness of criminal responsibility, (doc. no. 15-6, pp. 114-15).

A state court criminal judgment may be collaterally attacked in the federal courts only if it violated federal law.  Wilson v. Corcoran, 562 U.S. 1, 3 (2010); Estelle v. McGuire, 502 U.S. 62, 68 (1991).  As the habeas statute explains, the federal writ may issue to a state petitioner only when that petitioner "is in custody in violation of the Constitution or law or treaties of the United States."  28 U.S.C. § 2254(a).  Indeed, "federal habeas corpus relief does not lie for errors of state law."  Estelle, 502 U.S. at 67 (citations omitted); see also Tuomi v. Sec'y, Fla. Dep't of Corr., 980 F.3d 787, 796 n.9 (11th Cir. 2020) (collecting cases for same proposition).  "State courts are the ultimate expositors of their own state laws, McCullough v. Singletary, 967 F.2d 530, 535 (11th Cir. 1992), and the federal habeas court does not sit as a "'super' state supreme court."  Shaw v. Boney, 695 F.2d 528, 530 (11th Cir. 1983) (per curiam) (citations omitted).

As Grounds Three and Four raise only alleged errors of state law, they form no basis for federal habeas corpus relief.  To the extent the claim in Ground Four could be interpreted to raise a federal claim, as discussed in detail in Part III(B)(3), the claim is procedurally defaulted.

**B.    Petitioner Procedurally Defaulted Ground One, Subparts (a) and (b), as well as Ground Four to the Extent it Is Not Based Solely on State Law**

**1.    A Federal Habeas Petitioner Defaults a Claim by Failing to Properly Exhaust State Remedies**

AEDPA preserves the traditional exhaustion requirement, which requires a district court to dismiss unexhausted habeas claims the petitioner did not raise in state court, but could have raised by any available procedure.  28 U.S.C. § 2254(b)(1)(A) & (c).  A state inmate is deemed to have exhausted his state judicial remedies when he has given the state courts, or

they have otherwise had, a fair opportunity to address the federal claims.  Castille v. Peoples, 489 U.S. 346, 351 (1989).  "In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." Turner v. Crosby, 339 F.3d 1247, 1281 (11th Cir. 2003) (citing O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999)).

"A state prisoner seeking federal habeas relief cannot raise a federal constitutional claim in federal court unless he first properly raised the issue in the state courts." Henderson v. Campbell, 353 F.3d 880, 891 (11th Cir. 2003) (quoting Judd v. Haley, 250 F.3d 1308, 1313 (11th Cir. 2001)).  The exhaustion requirement applies with equal force to all constitutional claims.  See Lucas v. Sec'y, Dep't of Corr., 682 F.3d 1342, 1351-54 (11th Cir. 2012); Footman v. Singletary, 978 F.2d 1207, 1211 (11th Cir. 1992).  "Ultimately, 'to exhaust state remedies fully[,] the petitioner must make the state court aware that the claims asserted present federal constitutional issues.'"  Preston v. Sec'y, Fla. Dep't of Corr., 785 F.3d 449, 457 (11th Cir. 2015) (citation omitted).  Furthermore, a petitioner's failure to exhaust his claims properly ripens into a procedural default once state remedies are no longer available.  Clark v. Comm'r, Ala. Dep't of Corr., 988 F.3d 1326, 1329 (11th Cir. 2021), cert. denied sub nom. Clark v. Hamm, 142 S. Ct. 1134 (U.S. 2022).

A federal habeas petitioner can run afoul of procedural default rules in one of two ways, depending on whether the claim is an old one the petitioner already attempted to assert unsuccessfully in state court, or a new one the petitioner never attempted to raise in state court. First, a federal habeas petitioner cannot revive an old claim that a state court previously denied on independent and adequate procedural grounds.  "As a general rule, a federal habeas court

10

may not review state court decisions on federal claims that rest on state law grounds, including

procedural default grounds, that are 'independent and adequate' to support the judgment."

Boyd v. Comm'r, Ala. Dep't of Corr., 697 F.3d 1320, 1335 (11th Cir. 2012); see also Shinn v.

Ramirez, 142 S. Ct. 1718, 1732 (U.S. May 23, 2022) (explaining "federal courts generally

decline to hear any federal claim that was not presented to the state courts 'consistent with [the

State's] own procedural rules'").

A state court decision rests on "independent and adequate" state procedural grounds

when it satisfies the following three-part test:

> First, the last state court rendering a judgment in the case must clearly and
> expressly say that it is relying on state procedural rules to resolve the federal
> claim without reaching the merits of the claim.  Second, the state court decision
> must rest solidly on state law grounds, and may not be intertwined with an
> interpretation of federal law.  Finally, the state procedural rule must be adequate;
> *i.e.,* it may not be applied in an arbitrary or unprecedented fashion.  The state
> court's procedural rule cannot be "manifestly unfair" in its treatment of the
> petitioner's federal constitutional claim to be considered adequate for purposes
> of the procedural default doctrine.  In other words, a state procedural rule cannot
> bar federal habeas review of a claim unless the rule is "firmly established and
> regularly followed."

Id. at 1336 (internal quotations and citations omitted).  Additionally, the Supreme Court has

made clear that "a state procedural bar may count as an adequate and independent ground for

denying a federal habeas petition even if the state court had discretion to reach the merits

despite the default."  Walker v. Martin, 562 U.S. 307, 311 (2011).

Second, a federal habeas petitioner runs afoul of procedural default rules when he

attempts to bring a new claim in his federal petition that would be procedurally barred if he

attempted to raise it in state court.  In such instances, unless the petitioner either establishes

the cause and prejudice or the fundamental miscarriage of justice exception, the failure to bring

the claim properly in state court has "matured into a procedural default." Smith v. Jones, 256 F.3d 1135, 1138-39 (11th Cir. 2001). Thus, where a state procedural bar is apparent, a court "can forego the needless 'judicial ping-pong' and just treat those claims now barred by state law as no basis for federal habeas relief." Smith v. Sec'y, Dep't of Corr., 572 F.3d 1327, 1342 (11th Cir. 2009) (citing Snowden v. Singletary, 135 F.3d 732, 736 (11th Cir. 1998)); Bailey v. Nagle, 172 F.3d 1299, 1303 (11th Cir. 1999). To determine whether a claim is procedurally barred in this way, the federal court must ask whether "it is clear from state law that any future attempts at exhaustion would be futile." See Bailey, 172 F.3d at 1305.

Simply put, if a claim has not been "fairly presented to the state courts, it is procedurally defaulted." Jones v. Campbell, 436 F.3d 1285, 1304 (11th Cir. 2006). To that end, absent a showing of either cause to excuse the default and actual prejudice or a fundamental miscarriage of justice, O.C.G.A. § 9-14-48(d) precludes state habeas review of any issue not preserved for collateral attack in a state court by timely objecting and raising the issue on appeal. See Devier v. Zant, 3 F.3d 1445, 1454-55 (11th Cir. 1993) (citing O.C.G.A. § 9-14-48(d) and upholding a finding of procedural default on numerous claims); see also Waldrip v. Head, 620 S.E.2d 829, 835-36 (Ga. 2005) ("Claims not raised on direct appeal are barred by procedural default, and in order to surmount the bar to a defaulted claim, one must meet the 'cause and prejudice' test."); Black v. Hardin, 336 S.E.2d 754, 755 (Ga. 1985) ("The rule now may be stated as follows: a failure to make timely objection to *any* alleged error or deficiency or to pursue the same on appeal ordinarily will preclude review by writ of habeas corpus."). In addition, Georgia law prohibits the assertion of state habeas claims in any successive petition that could have been asserted in the original state habeas petition. O.C.G.A. § 9-14-51; Chambers v.

12

Thompson, 150 F.3d 1324, 1327 (11th Cir. 1998) ("The Georgia statute restricting state habeas review of claims not presented in earlier state habeas petitions can and should be enforced in federal habeas proceedings against claims never presented in state court . . . .").

### 2. Ground One, Subparts (a) and (b), Defaulted Pursuant to State Court Finding Claims Were Not Properly Preserved

"[W]here . . . the last reasoned opinion on the claim explicitly imposes a procedural default, we will presume that a later decision rejecting the claim did not silently disregard that bar and consider the merits." Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991); see also Wilson v. Sellers, 584 U.S.-, 138 S. Ct. 1188, 1193-94 (U.S. 2018) (applying Ylst "look through" presumption when relevant state court decision on the merits does not come accompanied with statement of reasons).  Thus, because the state supreme court decision on the CPC application was not accompanied by reasons for affirming the denial of state habeas relief, (doc. no. 15-4, p. 1), this Court "should 'look through' the unexplained decision to the last related state-court decision that does provide a relevant rationale."

The state habeas court found that the ineffective assistance of trial counsel claims now raised in Ground One, subparts (a) and (b), were not raised at the earliest practicable moment after Petitioner changed counsel, and therefore the claims were procedurally defaulted under O.C.G.A § 9-14-48(d).  (Doc. no. 15-2, pp. 3-5 (citing White v. Kelso, 401 S.E.2d 733 (Ga. 1991) and Earp v. Angel, 357 S.E.2d 596 (Ga. 1987).)  In White, the Georgia Supreme Court ruled ineffectiveness of prior counsel must be raised at the first practicable time, and absent a showing of cause and prejudice for doing so, such a claim is waived.  401 S.E.2d at 734.

The state habeas court applied <u>White</u>, determined these two claims were procedurally defaulted, and concluded Petitioner had not established cause and prejudice to overcome the bar to consideration of the merits of these claims.  (Doc. no. 15-2, pp. 3-5.)  Because these claims were not timely raised in the state court proceedings and were denied by the state court under state procedural default rules "firmly established and regularly followed," they are procedurally defaulted in these proceedings and provide no basis for federal habeas relief.  <u>See</u> <u>Boyd</u>, 697 F.3d at 1336; <u>Smith</u>, 256 F.3d at 1139.

### 3.   New But Defaulted Ground Four, to the Extent it Raises a Claim for Federal Relief

Respondent argues Ground Four of the federal petition raises a new claim of trial court abuse of discretion regarding sealing the results of a court-ordered mental evaluation, a claim which is distinct from the claim of ineffective assistance of counsel in Ground One (c) based on counsel's failure to raise the mental health records with the trial judge.  Thus, argues Respondent, to the extent it raises a claim for federal relief, Ground Four is now procedurally defaulted because it would be deemed successive if raised on a second state collateral attack. (Doc. no. 10-1, pp. 11-13.)

In particular, Petitioner argues the trial court abused its discretion by sealing the results of a mental evaluation ordered by the court under O.C.G.A. § 17-7-130(b)(1) without first allowing Petitioner to review the records for mitigating circumstances.  This claim is barred in these proceedings either because it was not, but could have been, presented in state court, or it forms no basis for federal habeas corpus relief.  First, an alleged error by the trial court prior to or during the guilty plea proceedings is a claim that could have been, but was not, presented

14

on direct appeal or in the state habeas proceedings, and it is now procedurally defaulted.  See O.C.G.A. § 9-14-51; Chambers, 150 F.3d at 1327.  Second, as explained in Part III(A), Petitioner is not entitled to relief on this ground because it raises only an issue of state law. See Wilson, 562 U.S. at 3; Estelle, 502 U.S. at 67-68.

### 4.   Petitioner Cannot Satisfy the Cause and Prejudice Standard to Justify Federal Review of His Defaulted Claims, and the Miscarriage of Justice Exception Does Not Apply

"A petitioner may obtain federal review of a procedurally defaulted claim if he can show both cause for the default and actual prejudice resulting from the default."  Jones, 436 F.3d at 1304 (citing Wainwright v. Sykes, 433 U.S. 72, 97 (1977)); Shinn, 142 S. Ct. at 1732 (same).  "Cause for a procedural default exists where something *external* to the petitioner, something that cannot fairly be attributed to him[,] . . . impeded [his] efforts to comply with the State's procedural rule." Maples v. Thomas, 565 U.S. 266, 280 (2012) (internal quotation marks omitted).  "Once cause is proved, a petitioner also must prove prejudice.  He must show 'not merely that the errors at his trial created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'"  Johnson v. Alabama, 256 F.3d 1156, 1171 (11th Cir. 2001) (quoting United States v. Frady, 456 U.S. 152, 170 (1982)); Shinn, 142 S. Ct. at 1733 (same).  For example, procedural default does not preclude federal habeas review when

> (1) the claim of "ineffective assistance of trial counsel" was a "substantial" claim; (2) the "cause" consisted of there being "no counsel" or only "ineffective" counsel during the state collateral review proceeding; (3) the state collateral review proceeding was the "initial" review proceeding in respect to the "ineffective-assistance-of-trial-counsel claim"; and (4) state law *requires* that an "ineffective assistance of trial counsel [claim] . . . be raised in an initial-review collateral proceeding."

15

Trevino v. Thaler, 569 U.S. 413, 423 (2013); Martinez v. Ryan, 566 U.S. 1, 13-14, 16-17 (2012).

Petitioner has presented no valid justification for failing to raise his defaulted claims at the proper time in his state proceedings, let alone something external to him that cannot be fairly attributed to him.  Petitioner's attempts to bootstrap his barred claims under the rubric of ineffective assistance of counsel fails because, as explained herein, Petitioner has no valid ineffective assistance of counsel claims.  See United States v. Nyhuis, 211 F.3d 1340, 1344 (11th Cir. 2000) (recognizing ineffective assistance of counsel claim, if it has merit, may satisfy cause exception to procedural bar); see also Shinn, 142 S. Ct. at 1733 (recognizing constitutionally ineffective assistance of counsel may excuse procedural default but "'[a]ttorney ignorance or inadvertence' cannot excuse procedural default").  As discussed below, Petitioner does not meet the cause and prejudice standard and has not shown that his claims are substantial.

### a.   Ground One (a)

In Ground One (a), Petitioner claims Mr. Walker was ineffective for failing to alert the trial judge Petitioner was under the influence of haloperidol when he entered his guilty plea. Petitioner made no attempt to establish cause for the default because he did not present testimony from appellate counsel, Mr. Hasty, as to why the claim was not presented in the motion to withdraw and subsequent appeal.  As the Eleventh Circuit has ruled, "An incomplete or ambiguous record concerning counsel's performance . . . is insufficient to overcome the presumption of reasonable performance."  Gavin v. Comm'r, Ala. Dep't of Corr., 40 F.4th

1247, 1265-66 (11th Cir. 2022) (citation omitted); <u>see also</u> <u>Shinn</u>, 142 S. Ct. at 1734 (recognizing state prisoner responsible for negligent failure to develop record in state court necessary to establish factual basis for federal claim).

Moreover, as the state habeas court pointed out, (doc. no. 15-2, p. 5), Petitioner initialed on his waiver of rights form that he was not under the influence of any drug, medicine or alcohol, (doc. no. 15-6, p. 56).  Also, the trial judge affirmed the court had reviewed the plea and acknowledgment and waiver of rights and determined Petitioner understood the proceedings and both intelligently and voluntarily waived his rights with the entry of his guilty plea.  (<u>Id.</u> at 61.)  The belated assertion that the circumstances were not as Petitioner previously swore is insufficient.  <u>Blackledge v. Allison</u>, 431 U.S. 63, 74 (1977) ("[S]olemn declarations in open court carry a strong presumption of verity" and "constitute a formidable barrier in any subsequent collateral proceedings."); <u>see also</u> <u>United States v. Rogers</u>, 848 F.2d 166, 168 (11th Cir. 1988) (<i>per curiam</i>) ("[W]hen a defendant makes statements under oath at a plea colloquy, he bears a heavy burden to show his statements were false.").  Petitioner fails to meet the cause and prejudice standard.

### b.    Ground One (b)

In Ground One (b), Petitioner claims Mr. Walker was operating under a conflict of interest because he previously represented the family of the victim.  The state habeas court explained the trial court questioned Mr. Walker about knowing the victim's family, and Mr. Walker specifically denied his representation of Petitioner had been impaired because of it.  (Doc. no. 15-2, p. 5 (citing doc. no. 15-6, pp. 93-94).)  At the motion to withdraw hearing,

Petitioner offered nothing to support his contention Mr. Walker was working for the victim's family and not fighting for him.  (Doc. no. 15-6, pp. 107-08.)

The trial court also pointed out it was clear Mr. Walker had not previously represented the ten-year-old victim and may have simply known, not provided legal representation to, the victim's family.  (Id. at 112.)  Appellate counsel Mr. Hasty also confirmed to the court he had investigated the case and did not find any merit to the claim by Petitioner that Mr. Walker had labored under a conflict of interest.  (Id. at 113-14.)  Similarly, at the state habeas hearing, Petitioner did not present any evidence or testimony in support of his claim other than Mr. Walker had known the victim's family for  years.  (Id. at 9-10.)

Moreover, as the state habeas court pointed out, prevailing on an actual conflict of interest claim requires a petitioner to show an actual conflict adversely affecting his attorney's performance.  (Doc. no. 15-2, p. 5 (citing Cuyler v. Sullivan, 446 U.S. 335, 348 (1980).)  As the Eleventh Circuit recently explained,

> The mere possibility of conflict of interest does not rise to the level of a Sixth Amendment violation. . . . [A] habeas petitioner must make a factual showing of inconsistent interests and must demonstrate that the attorney made a choice between possible alternative courses of action . . . that favors an interest in competition with that of the defendant.  If counsel did not make such a choice, the conflict remained hypothetical.

Tuomi, 980 F.3d at 796 (internal quotation marks and citations omitted).

As the state habeas court ruled, Petitioner has not made such a showing.  His conclusory assertions, unsupported by any facts, are insufficient to support a claim of inconsistent interests.  Moreover, at the guilty plea proceedings, Mr. Walker explained that even though there was no plea agreement in place, Petitioner and he had discussed Petitioner's (1)

admission of the offense conduct to the deputies at the scene of the crime; and (2) desire to avoid a sentence of life without the possibility of parole if he were convicted at trial.  (Doc. no. 15-6, p. 95.)  The record shows no alternative course of action that Mr. Walker could have, but did not, pursue that favored an interest competing with that of Petitioner.  In sum, Petitioner has not carried his burden to develop a record supporting cause to excuse the procedural default.  See Shinn, 142 S. Ct. at 1734; Gavin, 40 F.4th at 1265-66.  Petitioner fails to meet the cause and prejudice standard.

In sum, the record does not support a substantial showing of a meritorious claim of ineffective assistance, let alone that Petitioner would be prejudiced by this court refusing to consider his defaulted claims.

### c.     Ground Four

Petitioner also fails to offer any justification for failing to raise Ground Four in the state courts.  Nor does he contend that something external to him prevented raising the argument claim at the proper time in the state courts regarding alleged trial court error relating to sealing Petitioner's mental health records, as the substance of the claim is merely a variation on the ineffective assistance of trial counsel claim in Ground One (c), which as discussed in Part III(C)(2), forms no basis for relief.

### d.     No Fundamental Miscarriage of Justice

"Additionally, in extraordinary cases, a federal court may grant a habeas petition without a showing of cause and prejudice to correct a fundamental miscarriage of justice."  Jones, 436 F.3d at 1304 (citing Murray v. Carrier, 477 U.S. 478, 496 (1986)).  The narrow fundamental miscarriage of justice exception encompasses the extraordinary instance in which a

19

constitutional violation probably has resulted in the conviction of one actually innocent of the crime.  Murray, 477 U.S. at 496; see also Johnson, 256 F.3d at 1171 ("This exception is exceedingly narrow in scope, as it concerns a petition's 'actual' innocence rather than his 'legal' innocence.").  In McQuiggin v. Perkins, the Supreme Court held that this exception survived AEDPA's passage but "applies to a severely confined category:  cases in which new evidence shows it is more likely than not that no reasonable juror would have convicted [the petitioner]."  569 U.S. 383, 395 (2013) (quoting Schlup v. Delo, 513 U.S. 298, 329 (1995)). Petitioner does not argue, let alone submit any evidence, that he is probably, factually innocent of the aggravate child molestation charge and child molestation charges to which he pleaded guilty.  To the contrary, as discussed in detail herein, all of Petitioner's arguments are based on legal theories of alleged error related to his guilty plea proceedings.

Accordingly, Ground One, subparts (a) and (b), and Ground Four, to the extent it could be construed as forming a basis for federal habeas corpus relief, have been defaulted, are not excused by any exception, and provide no basis for federal habeas corpus relief.

C.     **Applying AEDPA Deference to the Ineffective Assistance of Trial and Appellate Counsel Claims in Ground One, Subparts (c), (d), and (e), and Ground Two that Were Previously Rejected by the State Court, Federal Habeas Relief Is Not Warranted**

1.     **Under Strickland v. Washington, Petitioner Bears a Heavy Burden on Ineffective Assistance of Counsel Claims**

Ineffective assistance of counsel claims are subject to the two-part test enunciated in Strickland v. Washington, 466 U.S. 668 (1984).  Under the first prong, Petitioner must show that "counsel's representation fell below an objective standard of reasonableness."  Strickland, 466 U.S. at 688.  In this regard, "[a] petitioner must overcome a strong presumption of

20

competence, and the court must give significant deference to the attorney's decisions." Hagins v. United States, 267 F.3d 1202, 1204-05 (11th Cir. 2001). "An attorney's actions need only fall within 'the wide range of professionally competent assistance' to pass constitutional muster," and "courts should not second-guess counsel's assistance" because "[e]ven the best criminal defense attorneys would not defend a particular client the same way." Philmore v McNeil, 575 F.3d 1251, 1260 (11th Cir. 2009) (citations omitted).

Strategic decisions are entitled to a "heavy measure of deference." Strickland, 466 U.S. at 691. Indeed, "strategic choices are 'virtually unchallengeable.'" Provenzano v. Singletary, 148 F.3d 1327, 1332 (11th Cir. 1998) (citing Strickland, 466 U.S. at 690 and Waters v. Thomas, 46 F.3d 1506, 1522 (11th Cir. 1995) (en banc)). To show that an attorney's choice of strategy is unreasonable, a petitioner must show that no competent counsel would have made such a choice. Strickland, 466 U.S. at 690. The purpose of this review is not to grade counsel's performance because, of course, every lawyer "could have done something more or different . . . . But, the issue is not what is possible or 'what is prudent or appropriate, but only what is constitutionally compelled.'" Chandler v. United States, 218 F.3d 1305, 1313 (11th Cir. 2000) (en banc). Strickland requires application of a totality-of-the-circumstances standard because "[n]o particular set of detailed rules for counsel's conduct can satisfactorily take account of the variety of circumstances faced by defense counsel or the range of legitimate decisions regarding how best to represent a criminal defendant." Khan v. United States, 928 F.3d 1264, 1273 (11th Cir. 2019) (citation omitted).

"Given the strong presumption in favor of competence, the petitioner's burden of persuasion – though the presumption is not insurmountable – is a heavy one." Fugate v. Head,

261 F.3d 1206, 1217 (11th Cir. 2001) (citation omitted).  "The test has nothing to do with what the best lawyers would have done.  Nor is the test even what most good lawyers would have done.  We ask only whether some reasonable lawyer . . . could have acted, in the circumstances, as defense counsel acted . . . ."  Ward v. Hall, 592 F.3d 1144, 1164 (11th Cir. 2010) (citing Waters, 46 F.3d at 1512).  "The reasonableness of counsel's performance is evaluated from counsel's perspective at the time of the alleged error and in light of all the circumstances . . . ."  Michael v. Crosby, 430 F.3d 1310, 1319 (11th Cir. 2005) (citations omitted).

A court, however, "need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies . . . .  If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed."  Strickland, 466 U.S. at 697; see Brooks v. Comm'r, Ala. Dep't of Corr., 719 F.3d 1292, 1301 (11th Cir. 2013).  Under the prejudice prong of Strickland, a petitioner must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome."  Strickland, 466 U.S. at 694.

As the Eleventh Circuit has ruled, a petitioner must affirmatively prove prejudice that would undermine the results of the proceedings because "attorney errors come in an infinite variety and are as likely to be utterly harmless in a particular case as they are to be prejudicial.  That the errors had some conceivable effect on the outcome of the proceeding is insufficient to show prejudice."  Butcher v. United States, 368 F.3d 1290, 1293 (11th Cir. 2004) (citations and internal quotations omitted).  Indeed, the Court must examine the entirety of counsel's

performance and the effect of such "in light of the record as a whole to determine whether it was reasonably probable that the outcome would have been different." Lancaster v. Newsome, 880 F.2d 362, 375 (11th Cir. 1989).

Furthermore, in the context of a guilty plea, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985); Stephens v. Sec'y, Fla. Dep't of Corr., 678 F.3d 1219, 1225 (11th Cir. 2012). In assessing whether a petitioner has met this standard, the Supreme Court has emphasized the "fundamental interest in the finality of guilty pleas." Hill, 474 U.S. at 58. Thus, a petitioner must prove "serious derelictions" in counsel's advice regarding the plea. Stano v. Dugger, 921 F.2d 1125, 1150-51 (11th Cir. 1991) (en banc) (citations omitted). Therefore, Petitioner must show both that counsel's representation fell below an objective standard of reasonableness, and that there is a reasonable probability that but for counsel's errors, he would have insisted on going to trial. See Hill, 474 U.S. at 56-59.

The Strickland test also applies to claims of ineffective assistance of appellate counsel, see Heath v. Jones, 941 F.2d 1126, 1130 (11th Cir. 1991), with the additional consideration that a criminal defendant has no "constitutional right to compel appointed counsel to press nonfrivolous points requested by the client, if counsel, as a matter of professional judgment, decides not to present those points." Jones v. Barnes, 463 U.S. 745, 751 (1983); see also Philmore v. McNeil, 575 F.3d 1251, 1264 (11th Cir. 2009) (explaining appellate counsel not required to raise every non-frivolous issue). Appellate counsel is not ineffective for failing to raise claims 'reasonably considered to be without merit.'" Nyhuis, 211 F.3d at 1344 (citation

23

omitted).  Moreover, it is up to appellate counsel to winnow out weaker arguments, even if they may have merit, and select the most promising issues for review.  Jones, 463 U.S. at 751-52; Philmore, 575 F.3d at 1264.  Prejudice turns on whether "'the neglected claim would have a reasonable probability of success on appeal.'"  Tuomi, 980 F.3d at 795 (citing Philmore, 575 F.3d at 1265).

In the context of an ineffective assistance claim that was previously rejected by a state court, the petitioner bears the even heavier burden of "show[ing] that the [state courts] applied Strickland to the facts of his case in an objectively unreasonable manner."  Bell v. Cone, 535 U.S. 685, 699 (2002); see also Cave v. Sec'y for Dep't of Corr., 638 F.3d 739, 748 (11th Cir. 2011) (noting that, where the state court has previously adjudicated a claim on the merits, the petitioner "has the additional burden of demonstrating that the state court's application of this demanding standard was not merely wrong, but objectively unreasonable").  "[I]t is not enough to convince a federal habeas court that, in its independent judgment, the state-court decision applied Strickland incorrectly."  Bell, 535 U.S. at 699.  "In short, an *unreasonable* application of federal law is different from an *incorrect* application of federal law."  Barwick v. Sec'y, Fla. Dep't of Corr., 794 F.3d 1239, 1245 (11th Cir. 2015) (internal quotations and citations omitted).  ).

"Federal habeas courts must guard against the danger of equating unreasonableness under Strickland with unreasonableness under § 2254(d).  When § 2254(d) applies, the question is not whether counsel's actions were reasonable.  The question is whether there is any reasonable argument that counsel satisfied Strickland's deferential standard."  Richter, 562 U.S. at 105.  Stated otherwise, federal habeas corpus relief is available on a Strickland claim

"only if the state habeas court *unreasonably* determined that trial counsel performed reasonably - *i.e.*, where there is no possibility fairminded jurists could disagree that defense counsel acted outside the range of professionally competent assistance." Ledford v. Warden, Ga. Diagnostic Prison, 975 F.3d 1145, 1158 (11th Cir. 2020), *cert. denied*, 141 S. Ct. 2832 (2021) (citations omitted).  For Petitioner "to prevail, then, he would have to show that *no* reasonable jurist could find that his counsel's performance fell within the wide range of reasonable professional conduct." Raheem v. GDCP Warden, 995 F.3d 895, 909 (11th Cir. 2021).

"Surmounting Strickland's high bar is never an easy task." Richter, 562 U.S. at 105 (citing Padilla v. Kentucky, 559 U.S. 356, 371 (2010)).  Moreover, because "[t]he standards created by Strickland and § 2254(d) are both highly deferential, . . . when the two apply in tandem, review is doubly so." Richter, 562 U.S. at 105 (quotation marks and citations omitted); see also Yarborough v. Gentry, 540 U.S. 1, 4 (2003) (review of attorney performance is "highly deferential-and doubly deferential when it is conducted through the lens of federal habeas").  "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment . . . .  [F]ederal courts are to afford both the state court and the defense attorney the benefit of the doubt." Woods v. Etherton, 578 U.S. 113, 117 (2016) (*per curiam,*) (internal quotations and citations omitted).

To summarize, for Petitioner to obtain federal habeas relief, "[t]he state court decision must be so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Id.  That is, if fairminded jurists could reach differing conclusions, this Court owes deference to the state court decision,

and federal relief is not available.  Shinn v. Kayer, 592 U.S.-, 141 S. Ct. 517, 525 (2020) (*per*

*curiam*) "Or, in more concrete terms, a federal court may grant relief only if *every* 'fairminded

juris[t]' would agree that *every* reasonable lawyer would have made a different decision"

Dunn v. Reeves, 141 S. Ct. 2405, 2411 (2021) (emphasis added) (quoting Richter, 562 U.S. at

105); see also Sexton v. Beaudreaux, 138 S. Ct. 2555, 2560 (2018) ("[B]ecause the Strickland

standard is a general standard, a state court has even more latitude to reasonably determine that

a defendant has not satisfied that standard." (citation omitted)); Woods, 575 U.S. at 316

("AEDPA's standard is intentionally difficult to meet.").

> **2.      The State Court's Application of Strickland to Petitioner's Ineffective Assistance of Trial and Appellate Counsel Claims in Ground One, Subparts (c), (d), and (e), and Ground Two Was Not Objectively Unreasonable**

In these grounds, Petitioner raises ineffective assistance of counsel claims related to

both trial and appellate counsel.  All of these claims were orally raised at the state habeas

hearing, (doc. no. 15-6, pp. 7-12), but they were not explicitly addressed in the final written

order denying relief, (doc. no. 15-2).  The grounds were explicitly delineated in the motion for

a CPC.  (See doc. no. 15-3.)  The Georgia Supreme Court denied the request for a CPC in a

two-sentence order:  "Upon consideration of the application for certificate of probable cause

to appeal the denial of habeas corpus, it is ordered that it be hereby denied.  All the Justices

concur, except Colvin, J., not participating."  (Doc. no. 15-4.)

Because the state supreme court decision did not come accompanied with reasons, this

Court "should 'look through' the unexplained decision to the last related state-court decision

that does provide a relevant rationale" when determining, pursuant to 28 U.S.C.

§ 2254(d), whether the state court decision was reasonable.  <u>Wilson</u>, 138 S. Ct. at  1192 .

Moreover, although the state habeas court did not explicitly address this group of claims,

because it did address some of Petitioner's claims, this Court must presume (subject to rebuttal)

that the unaddressed claims were adjudicated on the merits and apply AEDPA deference.

<u>Johnson v. Williams</u>, 568 U.S. 289, 293 (2013).  Although the presumption is strong and may

be rebutted only in unusual circumstances, it is not irrebuttable, and either the habeas petitioner

or the State may rebut the presumption.  <u>Id.</u> at 301-02.  To determine whether the presumption

has been rebutted, the Court must consider the state court decision and record in the case to

decide whether "the evidence leads very clearly to the conclusion that [the] federal claim was

inadvertently overlooked in state court."  <u>Childers v. Floyd</u>, 736 F.3d 1331, 1334 (11th Cir.

2013) (<i>per curiam</i>) (citing <u>Johnson</u>, 568 U.S. at 303).  Indeed, "implicit findings" may be

inferred from a state court's decision and are entitled to AEDPA deference.  <u>Lee v. Comm'r,</u>

<u>Ala. Dep't of Corr.</u>, 726 F.3d 1172, 1213 (11th Cir. 2013).

Additionally, the Eleventh Circuit has made clear AEDPA deference means federal

courts "are not to take a magnifying glass to the state court opinion or grade the quality of it."

<u>Meders v. Warden, Ga. Diagnostic Prison</u>, 911 F.3d 1335, 1350 (11th Cir. 2019).  The state

court opinion need not "show its work" by explicitly mentioning every circumstance relevant

to the requested relief, and deference is due "even to those state court rulings for which no

rationale or reasoning at all is given."  <u>Id.</u> at 1350-51.  The Court is also guided by AEDPA's

mandate that factual determinations made by a state court are presumptively correct unless

rebutted by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).  "[A] state-court factual

determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance." Tharpe, 834 F.3d at 1336.

Here, the presumption that the state court considered and rejected this group of ineffective assistance claims has not been rebutted. Indeed, Petitioner does not address the issue at all, let alone argue for *de novo* review by this Court, and the State urges the Court to apply AEDPA deference, (doc. no. 10-1, pp. 5-10). The record reveals the claims were specifically discussed during the state habeas evidentiary hearing, supporting the conclusion the state habeas court was aware of, and did not overlook, the claims. (Doc. no. 15-6, pp. 7-12.) Moreover, the written opinion (1) discussed Petitioner had not presented any evidence from his post-plea counsel regarding the ineffective assistance claims; and (2) pointed to the portions of the plea and sentencing proceedings addressing the underlying argument of the claims regarding potential influence of drugs during the plea process and Mr. Walker's relationship with the victim's family. (Doc. no. 15-2, p. 5.) Additionally, Petitioner specifically delineated all of his claims in his CPC application that were rejected by the Georgia Supreme Court. (Doc. nos. 15-3, 15-4.) Thus, the Court applies AEDPA deference to the state habeas court's implicit merits ruling on these four claims. As discussed below, the state habeas court application of the two-part Strickland analysis was not objectively unreasonable.

### a. Ineffective Assistance of Trial Counsel Claims

Petitioner claims in Ground One, subparts (c), (d), and (e), that Mr. Walker provided ineffective assistance by failing to address Petitioner's mental health evaluation with the trial judge, failing to negotiate a plea deal for Petitioner because of his preference for the victim,

and failing to emphasize mitigating circumstances during sentencing because of his preference for the victim.  Petitioner fails to show error in the state habeas decision implicitly rejecting the claims that was "well understood and comprehended in existing law beyond any possibility for fairminded disagreement."  Woods, 575 U.S. at 316.

First, Petitioner's arguments for federal relief falter out of the gate because he did not present any testimony from Mr. Walker regarding the reasoning for his strategic choices in representing Petitioner through his guilty plea and sentencing proceedings.  The record does, however, contain a record of Mr. Hasty's representations to the trial court during the motion to withdraw proceedings in which he stated his investigation of the case did not reveal any wrongdoing by Mr. Walker regarding his representation of Petitioner, as well as the state appellate court's recognition of that position on direct appeal.  (Doc. no. 15-6, pp. 113, 131-32.)  Mr. Hasty acted as Petitioner's agent in the post-plea proceedings, and Petitioner therefore bears the consequence of his actions.  See Shinn, 142 S. Ct. at 1734.  Strickland requires the Court to apply the strong presumption that all significant decisions by counsel were made in the exercise of reasonable professional judgment, and an incomplete or ambiguous record is insufficient to overcome that presumption.  Gavin, 40 F.4th at 1265.

Second, the record belies the claim that Petitioner's mental health evaluation was not addressed with the trial judge, as asserted in Ground One (c).  Petitioner identified to the trial judge at the guilty plea and sentencing that he had a learning disability, but the judge then confirmed on the record Petitioner understood the purpose and consequences of the guilty plea proceedings.  (Doc. no. 15-6, pp. 87-90.)  Mr. Walker told the judge Petitioner needed mental treatment.  (Id. at 95.)  At the hearing on the motion to withdraw the guilty plea, the trial judge

confirmed he would not have gone forward with the plea if there had not been a two-fold finding on criminal responsibility and competency.  (Id. at 115.)  Petitioner also confirmed, with his initials on thirty-six questions and his signature on a concluding paragraph on the waiver of rights form, that he understood his rights, the proceedings in which he was participating, and that he had sufficient time to go over the case with Mr. Walker.  (Id. at 56-60.)  He offers nothing beyond his conclusory, factually-unsupported assertions in making his federal claims, and that is insufficient to defeat AEDPA deference owed to the state court decision.

In Ground One, subparts (d)  and (e), Petitioner argues Mr. Walker failed to negotiate a plea deal and to emphasize mitigating circumstances during sentencing because of his preference for the victim.  As explained in Part III(B)(4), the state habeas court discussed the crux of these two claims in the context of  determining Petitioner had not shown Mr. Walker operated under a conflict of interest, further suggesting these claims were not overlooked. (Doc. no. 15-2, p. 5.)  Neither in the state proceedings, nor in these proceedings, has Petitioner explained, let alone established, Mr. Walker's failure to negotiate a plea agreement or emphasize mitigating circumstances was not done in the exercise of reasonable judgment or that it prejudiced the outcome of the proceedings.  Petitioner does not even suggest that a plea agreement was a possibility in this case where he admitted what he did when deputies arrived, (doc. no. 15-6, pp. 91, 95), and as Mr. Walker and Petitioner discussed, even without a plea agreement, the guilty plea removed the specter of life without the possibility of parole that Petitioner faced if he was convicted at trial.  (Id. at 95, 97.)  In fact, although Petitioner faced the possibility of up to life imprisonment on the aggravated molestation charge and up to

30

twenty years in prison on each child molestation charge, the trial court sentenced Petitioner to a total of thirty-five years in prison followed by life on probation.  (Id. at 38, 57.)

Petitioner does not explain what "mitigating circumstances" were not emphasized during sentencing.  Petitioner acknowledged at sentencing that Mr. Walker would be asking for a sentence at the low end of the possible spectrum, (id. at 90), and Mr. Walker alerted the judge there was no prior criminal history in the case, (id. at 92).  Mr. Walker further explained Petitioner had been abused as a child, had an eleventh-grade education, had a learning disability, and that he needed mental treatment.  (Id. at 94-95.)  He also emphasized Petitioner would be spending a lengthy period of the prime of his life in prison.  (Id. at 97.)  When Mr. Walker asked Petitioner if he had anything to add, he said, "No."  (Id. at 98.)

In sum, Petitioner has identified nothing about Mr. Walker's professional judgment regarding "addressing" the mental health evaluation or a potential conflict of interest that hampered Mr. Walker's efforts on Petitioner's behalf that was deficient, let alone that would have changed the outcome of the proceedings.  As explained above, Strickland requires the Court to apply the strong presumption that all significant decisions by counsel were made in the exercise of reasonable professional judgment, and an incomplete or ambiguous record is insufficient to overcome that presumption.  Gavin, 40 F.4th at 1265.  Petitioner did not call Mr. Walker as a witness at the motion to withdraw his guilty plea and as discussed in detail above, the record before the Court does not support Petitioner's ineffective assistance of trial counsel claims, let alone show error in the state habeas decision implicitly rejecting the claims that was "well understood and comprehended in existing law beyond any possibility for fairminded disagreement."  Woods, 575 U.S. at 316.

In sum, the state court's decision to reject these ineffective assistance of trial counsel claims in Ground One, subparts (c), (d) and (e), was not an unreasonable application of Strickland or based on an unreasonable determination of the facts in light of the evidence presented.

### b.      Ineffective Assistance of Appellate Counsel Claim

In Ground Two, Petitioner argues appellate counsel Mr. Hasty provided ineffective assistance by failing to allege ineffective assistance of Mr. Walker based on an alleged conflict of interest.  Similar to the ineffective assistance claims discussed in Part III(C)(2)(a), Petitioner fails to show error in the state habeas decision implicitly rejecting this claim that was "well understood and comprehended in existing law beyond any possibility for fairminded disagreement."  Woods, 575 U.S. at 316.  As the state habeas court pointed out, Petitioner did not present any testimony from Mr. Hasty as to why these ineffective assistance claims related to Mr. Walker were not raised in the motion to withdraw and the subsequent direct appeal. (Doc. no. 15-2, p. 5.)  Moreover, as discussed herein at length, Petitioner has not shown there would have been any merit to any of his underlying ineffective assistance of trial counsel claims, let alone that any of his claims would have had a reasonable probability of success on appeal.  See Philmore, 575 F.3d at 1264, 1265.  Petitioner bears the responsibility to adequately develop the record showing relief is warranted, but he has failed to do so.  See Shinn, 142 S. Ct. at 1734; Gavin, 40 F.4th at 1265-66.

Giving AEDPA deference to the state court determination that Petitioner has not demonstrated Mr. Walker labored under a conflict of interest, let alone a conflict that adversely affected his performance, such that Mr. Hasty had a viable ineffective assistance claim to raise

based on the alleged conflict of interest, the Court concludes Petitioner is not entitled to relief. That is, Petition has failed "to show that <u>no</u> reasonable jurist could find that [Mr. Hasty's] performance fell within the wide range of reasonable professional conduct." <u>See</u> <u>Raheem</u>, 995 F.3d at 909.

In sum, the state court's decision to reject this claim of ineffective assistance of appellate counsel was not an unreasonable application of <u>Strickland</u> or based on an unreasonable determination of the facts in light of the evidence presented.  Mr. Hasty's performance was neither deficient nor prejudicial with respect to the decision not to argue ineffective assistance of Mr. Walker based on an alleged conflict of interest, and this claim provides no basis for federal habeas corpus relief.

## IV.    CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** the § 2254 petition be **DENIED**, this civil action be **CLOSED**, and a final judgment be **ENTERED** in favor of Respondent.

SO REPORTED and RECOMMENDED this 30th day of September, 2022, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA